**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| NORMA L. LINDGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04-5058-CV-S-DW |
| ) | |
| EAGLE-PICHER TECHNOLOGIES, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant, Eagle-Picher Technologies, LLC ("EPT"), moves the Court, pursuant to Fed. R. Civ. P. 37(c), for an Order striking the Complaint filed in the above-captioned action and granting judgment by default in favor of EPT. Defendant states that Plaintiff has failed to participate in the discovery process by responding to timely discovery requests. For the following reasons, the motion is granted.

Plaintiff actively participated in this case through November 28, 2004, when Plaintiff filed her Amended Complaint (Doc. 17). Subsequent to this filing, the record is completely devoid of any participation by Plaintiff. Defendant states that Plaintiff did not participate in the preparation of the proposed scheduling order as required by Local Rule 16.1(d).[1] The Court ultimately entered the scheduling order in this case on March 14, 2005 (Doc. 25), based upon the proposed schedule filed by Defendant. Plaintiff failed to comply with Rule 26 by not providing EPT with any initial disclosures. Plaintiff failed to respond to Defendant's April 22, 2005 first interrogatories and production requests. Counsel for the defendant attempted to contact by Plaintiff both by letter and

---

[1] Defendant mailed a draft to Plaintiff on January 20, 2005 and made no mention of it being returned as undeliverable.

ultimately by phone with no response.[2] Discovery closed in this case on September 30, 2005. Defendant filed the instant motion on November 23, 2005; Plaintiff filed no response. Finally, on December 22, 2005, the Court entered an Order to Show Cause providing a Plaintiff an opportunity to be heard prior to the imposition of sanctions; yet again, Plaintiff failed to respond.

A *pro se* litigant is bound by the same litigation rules as a lawyer—particularly adherence to the simple requirements of discovery. Lindstedt v. City of Granby, 238 F.3d 933, 935 (8th Cir. 2000) (quotations omitted). A party that fails to disclose information required by Rule 26(a) or 26(e)(1) may be sanctioned by the Court. See Fed. R. Civ. P. 37(c)(1). The case law supports dismissal as an appropriate sanction. See Lindstedt, 238 F.3d at 937 (collecting cases). Accordingly, pursuant to Federal Rule of Procedure 37, the Court sanctions Plaintiff for her failure to make disclosures and/or cooperate in discovery. As a result, Plaintiff's Complaint is DISMISSED.

     IT IS SO ORDERED.

                                               /s/ Dean Whipple
                                                    Dean Whipple
                                         United States District Court

Date: January 23, 2006

---

[2] The June 20, 2005 attempt to contact Plaintiff by phone at the number on her pleadings resulted in a pre-recorded message that the number was no longer in service.